UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

David James Jannetta,

        Plaintiff,

    vs.                         REPORT AND RECOMMENDATION

Joan Fabian, Mike Hatch, Tim
Pawlenty, Terry Carlson,
Candice Adamczak, Dennis
Benson, James Christenson,
Andrew Darling, Jamison
Doeden, Robert Feneis, John
Garry, Kobie Hudson, Deb
Jeske, Steven McCarty,
Kathleen Mack, Sherman
Maddox, Paul Mickelson,
Graig Oseland, Barb Overland,
Thomas Peterson, Jane Ranum,
Kristain Rish, Jean Rudebeck,
Erik Skon, Greg Smith,
William Spencer, Joanne
Smith, Timothy Strom,
Alan Walz, John Cosgrove,
B. Link, S. Henkel, M. Sarracco,
C. Phillips, J. Eastman, and
Stacy Olson,

        Defendants.        Civ. No. 07-165 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff David James Jannetta for leave to proceed in forma pauperis, ("IFP"), see, Docket No. 2, and upon an initial screening pursuant to Title 28 U.S.C. §1915A.  For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

II.  Factual and Procedural Background

The Plaintiff, who is a State prisoner at the Minnesota Correctional Facilities, in Rush City, Minnesota ("MCF-RC"), is attempting to sue thirty-six (36) named Defendants, including the Governor of the State of Minnesota, a former Minnesota Attorney General, the Minnesota Commissioner of Corrections, the Warden at MCF-RC, a State Court Judge, an Assistant Minnesota Attorney General, and dozens of employees of the Minnesota Department of Corrections.

The Plaintiff's handwritten Complaint is little more than a rambling collection of vague accusations coupled with factual minutiae.  The Complaint fails to describe the factual and legal grounds for the Plaintiff's claims in a well-organized, or readily

comprehensible, manner.  For example, the Complaint provides that the Plaintiff "is not here challenging Due Process rights," and instead, that he is "only trying to present a clear and complet[e] picture to this court * * * [which] will become clear after the background is laid." <u>Complaint</u>, <u>Docket No. 1</u>, at ¶4.  After which, the Plaintiff engages in a narrative of events, the significance of which is neither apparent, nor fully explained.

As far as we can tell, the Plaintiff filed a number of bogus liens while he was incarcerated in prison.  Those liens were filed with the Minnesota Secretary of State under the Uniform Commercial Code ("UCC"). See, <u>Complaint</u>, at ¶1. The Plaintiff's phony UCC liens were filed against numerous Government employees, as well as several companies.  As an Exhibit to the Plaintiff's Complaint notes, the Plaintiff filed two (2) liens -- the first one filed "against three companies in the amount of 64 million dollars and the second Lien is filed against thirty five people and includes people from the DOC and other Government Agencies for over 64 million a person."  Notice of Violation Report, <u>Complaint</u>, Exh. E, at p. 1.

At the very least, the Plaintiff's fraudulent lien filings undoubtedly caused significant difficulties for prison officials, as well as for other State officials.  In fact, it appears that several individuals, who were named in the Plaintiff's bogus UCC lien

filings, were forced to initiate a Minnesota State Court action in order to vitiate those liens.  A copy of the State Court Judgment, which removes those liens from public view, is attached to the Plaintiff's Complaint.  See, <u>Complaint</u>, Exh. DL.

Not surprisingly, State prison officials sought to punish the Plaintiff for his nefarious lien-filing activities.  They also undertook various preventative measures so as to ensure that the Plaintiff would not be able to resume such activities in the future.  The Plaintiff alleges that he was assigned to a segregated housing unit because of his misconduct.  He also claims that some of his so-called "legal papers" have been seized, and that his mail has been monitored.  See, <u>Complaint</u>, at ¶¶3-4.  The Plaintiff accuses some of the named Defendants of being involved in those matters, but it is not entirely clear what, specifically, each of the named Defendants is alleged to have done.

In his Complaint, the Plaintiff describes the relief he is seeking in this action, as follows:

> 1.  A complete criminal investigation by a Federal agency outside the influence of the State of Minnesota, of the Minnesota Department of Corrections.
>
> 2.  An order by this Court to the Minnesota Secretary of State to re-instate lien number: 200412034634.

3.  The immediate protection of this court for affiant against the retaliation by the Minnesota Department of Corrections and/or the State of Minnesota, to be sent outside the State of Minnesota.

4.  Compensation for damages.

5.  The return/replacement of all legal materials unlawfully siezed [sic] and/or destroyed by the Department of Corrections and/or the State of Minnesota."

Complaint, at p. 28.

We find that the allegations pled in the Complaint do not provide adequate factual and legal grounds for the relief that the Plaintiff seeks in this action.  Therefore, we recommend that this action be summarily dismissed pursuant to Title 28 U.S.C. §1915A.

## III.  Discussion

Since the Plaintiff is a prisoner, who is seeking redress from parties who are government employees, his pleading must be screened pursuant to Title 28 U.S.C. §1915A.  Section 1915A, which is part of the Prison Litigation Reform Act of 1995, requires Federal Courts to review a plaintiff's pleading, in every civil action brought by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing."  Title 28 U.S.C. §1915A(a).  The Court must determine what aspects of the pleading, if any, are

- 5 -

actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  See, <u>Title 28 U.S.C. §1915A(b)(1)</u>.

Here, we find that the Plaintiff's Complaint fails to state any actionable claim for relief against any of the named Defendants.  To state an actionable civil rights claim, as the Plaintiff appears to be attempting here, the pleading must allege specific historical facts which show what each individual Defendant allegedly did, or failed to do, that allegedly violated the Plaintiff's Federal constitutional rights.  While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions").

The Plaintiff initially requests "[a] complete criminal investigation by a Federal agency outside the influence of the State of Minnesota, of the Minnesota Department of Corrections."  Such relief cannot be granted, however, because Federal Courts are not authorized to conduct, or to compel criminal investigations.  Under our Constitution, it is the Executive Branch of the Federal Government, and not the

Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted.  The Constitution precludes the Federal Courts from interfering in those responsibilities of the Executive Branch.  See, United States v. Nixon, 418 U.S. 683, 693 (1974)("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.");  United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000)("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001), citing U.S. Const. Amend. XI, Art. II, §3.  Therefore, the Plaintiff's first request for relief is outside the powers of this Court.

The Plaintiff next seeks "[a]n order by this court to the Minnesota Secretary of State to re-instate lien number: 200412034634."  Complaint, at p. 28.  The request cannot be granted, however, for at least three (3) reasons.  First, the Minnesota Secretary of State is not named as a Defendant in this action, so the Court could not enter any Order directed to the Secretary of State.  See, Rule 65(d), Federal Rules of Civil Procedure ("Every order granting an injunction and every restraining order * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation

with them who receive actual notice of the order by personal service or otherwise"); see also, <u>Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.</u>, 364 F.3d 925, 933 (8th Cir. 2004)("Since CMS was not a party to the underlying action and did not actively participate in the decision to terminate the CHMS program within the meaning of Rule 65, we reverse the injunction as it extends to CMS").

Second, an Order directing the Secretary of State to re-instate the lien identified in the Complaint would require us to review, and overturn, a Minnesota State Court Judgment that caused the lien to be removed.  See, <u>Complaint</u>, Exh. DL.  Federal District Courts, however, are not authorized to review and overturn State Court Judgments, except in Habeas Corpus cases.  See, <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005)(Federal law bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments").  Third, the Plaintiff appears to be seeking a Federal Court Order that would re-instate the bogus UCC lien filings that are described in his Complaint.  Needless to say, he has presented no factual or legal grounds for granting such relief.

The Plaintiff next requests "[t]he immediate protection of this court for Affiant against the retaliation by the Minnesota Department of Corrections and/or the State of Minnesota, to be sent outside the State of Minnesota." Complaint, at p. 28. The request cannot be granted here, because the Plaintiff's current Complaint does not adequately identify any specific threat posed by any specific named Defendant. The Plaintiff apparently has a general sense that he is disliked by prison officials, but his Complaint does not include any specific factual allegations which show that any particular Defendant -- or anyone else for that matter -- poses a clear, genuine, and identifiable threat to his safety or well-being. In short, the vague allegations in the Complaint do not support the Plaintiff's request for a "protection" order.

The Plaintiff also requests "compensation for damages," see, id., but that claim fails because there are no allegations in the Complaint showing that the Plaintiff has sustained any compensable injury. There are no allegations which demonstrate that the Plaintiff has suffered any physical injury so as to warrant monetary compensation, nor does the Plaintiff's Complaint describe any financial losses, or other harm, for which compensatory damages could be awarded. Accordingly, we find that claim for relief also to be deficient.

- 9 -

Finally, the Plaintiff seeks "[t]he return/replacement of all legal materials unlawfully siezed [sic] and/or destroyed by the Department of Corrections and/or the State of Minnesota." Id. Here, the Plaintiff obviously is requesting an equitable Order that would compel certain individuals to perform certain acts -- namely, to return, or replace, certain legal materials. However, the Plaintiff has not pled sufficient facts to warrant such an Order. He has not adequately identified the various "legal materials" that he seeks to have returned or replaced and, more importantly, he has not adequately identified who among the thirty-six (36) named Defendants is alleged to be responsible for the purported seizure and/or destruction of the legal materials at issue, so as to be compelled to return or replace which materials, or the bases that would entitle him to such relief. See, Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999)(to state an actionable civil rights claim, the plaintiff must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights).

In sum, even though the Plaintiff's Complaint is twenty-eight (28) pages long, and recites a multitude of names and dates, it does not set forth sufficient factual or legal grounds to support the claim that the Plaintiff is seeking to advance in this action. See, Martin v. Aubuchon, supra at 1286 (while Federal courts must "view pro

se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Therefore, we conclude that the Plaintiff has failed to state a cause of action on which relief can be granted, and that this action must be summarily dismissed pursuant to Title 28 U.S.C. § 1915A(b)(1).

Consequently, we also recommend that the Plaintiff's IFP application, as well as his collateral Motions for the appointment of counsel, and to "change venue," be denied, since the Complaint fails to state an actionable claim. See, <u>Title 28 U.S.C. §1915(e)(2)(B)(ii)</u>. Since we are summarily dismissing his action, we further recommend that the Plaintiff be relieved of paying the filing fee in this matter, as he appears to completely misapprehend the requisites of a cognizable claim. Further, we recommend that the dismissal of his Complaint be without prejudice, and not serve as a "strike" against the Plaintiff for purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is –

RECOMMENDED:

1.    That the Plaintiff's Complaint be summarily dismissed, but without prejudice, pursuant to Title 28 U.S.C. §1915A(b)(1).

2.    That Plaintiff's application for leave to proceed in forma pauperis, [Docket No. 2] be denied, as moot.

3.    That the Plaintiff's Motion to Appoint Counsel [Docket No. 3] be denied, as moot.

4.    That the Plaintiff's Motion to Change Venue [Docket No. 4] be denied, as moot.

5.    That the Plaintiff be relieved of paying the Court filing fee that would otherwise be due from him.

6.    That, while the action is dismissed without prejudice, the action not be counted as a "strike" for purposes of Title 28 U.S.C. § 1915(g).

Dated:  February 5, 2007                    s/Raymond L. Erickson
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE  JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

**February 23, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 23, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.